81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David WALLACE, Plaintiff-Appellant,
v.
Christine J. BRADLEY; Tennessee Department of Corrections;
Ned Mcwherter; Charles W. Burson; Charles
Traughber; Ricky Bell; Lamar
Alexander; Ray Blanton,
Defendants-Appellees.
 No. 95-5834.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1996.
 
 1
 Before: MARTIN and MOORE, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 David Wallace, proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Wallace sued the Tennessee Department of Corrections (TDOC), a former TDOC commissioner (Bradley), the warden of the Turney Center Industrial Prison and Farm (Bell), the Tennessee Attorney General (Burson), the chairman of the Tennessee Board of Paroles (Traughber) and three former Tennessee governors (McWherter, Alexander and Blanton). In a very confusing complaint, Wallace appears to argue that the defendants: 1) denied him good time credits from 1977 to 1986, and that they tricked him into signing a sentence credit waiver in 1986; 2) incarcerated him pursuant to illegal laws; 3) improperly relied on changes in the parole laws to deny him early release; 4) retained his money in an inmate trust fund without paying interest, held inmate payrolls "one month behind," and improperly taxed commissary items; and 5) engaged in various illegal activities, and accepted more money to house inmates than it actually costs.
 
 
 4
 Upon review of the defendants' motion to dismiss, a magistrate judge filed a report recommending that the district court dismiss Wallace's claims against the defendants because he did not state a claim upon which relief could be granted. Wallace filed a document entitled "motion to amend to magistrate's report and review," and a brief in support. However, he did not include any specific objections to the magistrate judge's findings, despite the magistrate's warning that failure to file specific objections would constitute a waiver of appeal of the report and recommendation. In adopting the magistrate judge's recommendation, and dismissing the complaint, the district court relied on the fact that Wallace did not file any specific objections to the report.
 
 
 5
 Wallace has filed a timely appeal, essentially reasserting his same claims. Wallace has also filed a motion for default judgment.
 
 
 6
 Wallace did not specifically object to the recommended disposition of his civil rights complaint when he filed objections to the magistrate judge's report and recommendation. In his objections to the report, Wallace stated that prisoners retain various constitutional rights, and that the state may not misuse its power. He also argued that eliminating parole is unconstitutional. However, he offered no specific argument which directly contradicted any of the magistrate judge's reasoning or legal authority regarding the dismissal of his claims. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interests of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), Wallace has not presented any reason for doing so in this case.
 
 
 7
 Accordingly, we hereby deny the motion for default judgment, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation